IN THE UNITED STATES DISTRICT COURT, MIDDLE
DISTRICT OF FLORIDA, TAMPA DIVISION

| | |
|---|---|
| **Plus 352, S.A.**<br>　　Plaintiff<br>v.<br>**Licensed Accessories USA, LLC, and BSB Tech Usa, LLC,**<br>　　Defendants | Case No: 8:19-cv-2164-WFJ-TGW |

### DEFENDANTS' COUNSEL'S UNOPPOSED MOTION FOR LEAVE TO WITHDRAW AND MEMORANDUM OF LAW

J. Kemp Brinson of Bloodworth Law, PLLC moves to withdraw as counsel for Defendants, **Licensed Accessories USA, LLC,** and **BSB Tech, USA, LLC**, effective no earlier than January 31, 2020, and requests that the Court grant Defendants a brief stay to obtain substitute counsel (or file for bankruptcy protection.) The Defendants have consented to withdrawal and the Plaintiff is not opposed to this motion. The movant states as follows in support thereof.

### MEMORANDUM OF LAW

#### Background

Generally, this case concerns a dispute between two related sellers about sales of products they made to Amazon.com. Plaintiff acquired and shipped products to Amazon in fulfillment of Defendants' sales to Amazon. The exact nature of the relationship and split of the proceeds of these sales to Amazon is subject to dispute. Plaintiff sued Defendants, generally speaking, for damages arising out of an alleged failure to pay monies owed to Plaintiff from the proceeds received from Amazon.

As a result of problems with the products that Plaintiff procured, Amazon no longer does substantial business with Defendants and their business activities have been decimated. Defendants counterclaimed against Plaintiff, generally speaking, for damages caused when the problems with Defendants' products resulted in cancellation by Amazon and loss of present and future income.

## Circumstances Requiring Withdrawal

At the outset of the litigation, Defendants believed in good faith and represented to the undersigned that they had the ability and willingness to pay for the undersigned's services. Defendants believed that Amazon still owed Defendants for prior orders delivered and intended to continue to seek to collect these funds. On Friday, January 24, 2020, the Defendants represented to the undersigned that they had recently learned that will be no additional funds coming from Amazon. Therefore, Defendants have no non-trivial assets and no present or future ability to pay their existing fees or for future services. Further, the most logical course of action of Defendants, to file for bankruptcy protection, is not within the undersigned attorney or his firm's areas of practice. They are not competent to represent Defendants in such matters.

## Discussion

Rule 4-1.16 of the Rules Regulating the Florida Bar authorizes the termination of representation of a client if "…(3) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (4) the representation will result in an unreasonable financial burden on the lawyer…; or (5) other good cause for withdrawal exists."

Local Rule 2.03(b) provides that an attorney may withdraw by "…written leave of Court obtained after giving ten 10 days' notice to the party or client affected thereby, and to opposing counsel." Local Rule 2.03(c) states that, "…leave [will not] be given to withdraw in [non-criminal] case[s], absent compelling ethical considerations, if such withdrawal would likely cause continuance or delay." Local Rule 2.03(e) provides that "A corporation may appear and be heard only through counsel…"

In this case, withdrawal can be accomplished without a continuance of trial. Defendants have ample time to obtain new counsel, if they can garner the resources to do so. The only delay associated with withdrawal would be a brief 15-day period for Defendants to obtain substitute counsel or file for bankruptcy protection. The case is not set for trial until December, 2020, and the discovery deadline is not until June 30, 2020. There is adequate time remaining to litigate this matter.

Continuing to represent the Defendants would cause the undersigned's law firm substantial financial burden. Current burdens of outstanding production would require the undersigned to expend substantial hours completing review of electronic discovery to be produced, supplementing discovery responses, preparing for depositions, and likely engaging in discovery motion practice, with no expectation of any payment, and for no practical defensive benefit. His clients are unable to expend further funds or incur additional liabilities to their counsel, especially if it would not provide value in this litigation.

Continuing to represent the Defendants will also put the undersigned attorney and his firm in a position adverse to their own client. Defendants will owe them substantial and increasing sums as work continues. In addition, this case will involve substantial costs that Defendants are obligated to pay, but are now unable to pay, including substantial court

reporter fees, mediator fees, as well as the potential for expert witnesses in accounting matters and on the products at issue. The undersigned and his firm are incapable of advancing these considerable costs and are not obligated to do so, but these costs must be incurred in order to effectively represent the interests of the Defendants.

In short, irreconcilable differences exist between the undersigned and his client regarding further representation of the Defendants, primarily for financial reasons. The undersigned can therefore no longer prosecute this case in good faith.

In *Elton v. Doughtery*, 931 So.2d 201, 203 (Fla. 2006), the Florida Supreme Court reversed a decision denying a motion to withdraw as counsel, finding that "[Counsel] is no longer willing to advance costs necessary to proceed. [Client] cannot pay the costs. Thus, the attorney's and client's interests are in insurmountable conflict." The Court also noted that withdrawal is permitted "even if the interests of the client are adversely affected, provided one of the six grounds[1] is present." *Id.* at 203.

In *Fisher v. State*, 248 So.2d 479, 486 (Fla. 1971), the Florida Supreme Court held that "Approval [of a motion to withdraw] by the court should be rarely withheld and then only upon a determination that to grant said request would interfere with the efficient and proper functioning of the court."

### Defendants' (Clients') Consent

Defendants have executed a Consent to Withdrawal of Counsel and Waiver of Notice, attached hereto as Exhibit A. Defendants have also waived the 10-day notice period provided for in Local Rule 2.03(b).

---

[1] The prior version of Rule 4-1.16 had six subparts, while the current version lists only five, but for all purposes relevant to this motion, the previous and current version of the Rule are identical.

4

Defendants' address for the purposes of notice is:

c/o Philippe Giraud

113 Wild Forest Dr.

Davenport, FL 33837

**Plaintiff's Position**

The undersigned conferred with opposing counsel via email on January 27, 2020, and by telephone on January 28, 2020, concerning this motion. Plaintiff is not opposed to the Court granting the withdrawal request and is not opposed to a 15-day stay for Defendants to obtain substitute counsel[2].

**Note Regarding Timing**

The undersigned requests that his withdrawal not be effective until at least January 31, 2020.

Plaintiff previously noticed the deposition of a third-party witness, Oxana Damm, for January 30, 2020. Plaintiff's non-opposition to this motion was conditioned on this deposition not being postponed. Defendants and the undersigned accept this condition and will represent Defendants at the deposition on January 30. Therefore, the withdrawal should not be effective until at least January 31, 2020.

WHEREFORE, the undersigned counsel and his law firm respectfully request that the Court enter an order permitting them to withdraw from the case, staying this action for

---

[2] Counsel for Defendants also requested that Plaintiff waive the 10-day notice period provided for in Rule 2.03(b). Counsel for Plaintiff responded that his position is that the 10-day notice period provided for in Rule 2.03(b) does not apply to the opposing party.

15 days to permit the Defendants to obtain substitute counsel, and such other relief as the Court may deem appropriate.

CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2020, this document was filed using the CM/ECF system, which will electronically forward a copy to all CM/ECF participants. A copy was emailed to Philippe Giraud, managing member of Defendants Licensed Accessories USA, LLC and B2B Tech USA, LLC.

<u>/s/ J. Kemp Brinson</u>
J. Kemp Brinson
Fla. Bar No. 752541
BLOODWORTH LAW, PLLC
801 N. Magnolia Ave., Suite 216
Orlando, FL 32803
407-777-8541
KBrinson@LawyerFightsForYou.com
EO'Malley@LawyerFightsForYou.com
Attorney for Defendants